Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MIGDALIA LÓPEZ GÓMEZ<br><br>Peticionaria<br><br>v.<br><br>JOSÉ GOZÁLEZ HERNÁNDEZ y otros<br><br>Recurridos | KLCE202400408 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.:<br>K PE2013-3300 (907)<br><br>Sobre: *Injuction* |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

# **RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece Migdalia López Gómez (señora López Gómez o la Peticionaria) y solicita la revocación de la *Resolución* emitida el 5 de marzo de 2024, por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario) notificada el 7 de marzo de 2024 en el caso con designación alfanumérica KPE2013-3300. Mediante la *Resolución* recurrida el foro primario denegó a la Peticionaria la *Moción de Reconsideración relacionada con Moción de Ejecución presentada por la Demandada y con Moción Bajo la Regla 49.2 de las de Procedimiento Civil Presentada por la Demandante* el 8 de febrero de 2024. La Resolución recurrida denegó además, la mociones presentadas por la señora López Hernández el 12 y 13 de febrero de 2024 referente a su solicitud para la ejecución de una **Sentencia Parcial** sobre *injunction* provisional dejada sin efecto por el foro primario mediante **Sentencia final** emitida en el caso de epígrafe el 9 de junio de 2020 y confirmada por el Tribunal de Apelaciones en los casos consolidados KLAN202000937 y KLAN20200093.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *Certiorari,* solicitado por la Peticionaria.

## I

El tracto procesal pertinente surge en el contexto de una Demanda de Interdicto Preliminar y Permanente por despido injustificado, discrimen y represalias presentada el 5 de junio de 2013 por la Peticionaria en contra de la Asociación de Empleados del Estado Libre Asociado de Puerto Rico (AEELA o la Recurrida), el Presidente de la Asamblea de Delegados, José A. González Hernández y otros. En lo pertinente, el 27 de marzo de 2014, el TPI emitió *Sentencia Parcial* que concedió a la Peticionaria únicamente el *injunction* provisional que ordenó a AEELA consignar $261,531.41 por los salarios que la Peticionaria dejó de percibir, el bono de navidad correspondiente al año 2014, y otros. Estos fondos se retiraron y AEELA objetó dicho retiro, en un recurso de Certiorari. Mediante dictamen emitido en el caso con designación alfanumérica KLCE201600337, AEELA obtuvo Sentencia a su favor y este Tribunal de Apelaciones revocó la *Resolución* del foro primario que autorizó el retiro de los fondos consignados por AEELA.

Posteriormente, mediante **Sentencia Final** emitida el de **9 de junio de 2020,** el Tribunal de Primera Instancia declaró Con Lugar la reclamación de Despido Injustificado instada por la Peticionaria al concluir que AEELA incumplió con su reglamentación interna al despedirla por tanto, le concedió a esta los remedios dispuestos en la Ley Núm. 80 de 30 de mayo de 1976, conocida como la *Ley de Indemnización por despido sin justa causa,* 29 LPRA sec. 185a, *et seq* Sin embargo, en dicha Sentencia Final el foro primario declaró No Ha Lugar las demás reclamaciones de la Peticionaria y **dejó sin efecto la Sentencia Parcial emitida el 27**

**de marzo de 2014, por virtud de la cual había concedido el** ***injunction*** **preliminar**. Cónsono con lo anterior, en atención a la *Demanda de Intervención Al Amparo de la Regla 21 de Procedimiento Civil* presentada por los abogados de la Peticionaria, el foro primario concedió a estos la cantidad de $13,917.11 por concepto de honorarios de abogados.[1]

En desacuerdo, la señora López Gómez apeló la Sentencia de 9 de junio de 2020. El 28 de septiembre de 2022, este Tribunal de Apelaciones emitió Sentencia en los casos consolidados KLAN202000937 y KLAN202000938 y allí concluyó que el foro primario estaba facultado para dejar sin efecto la Sentencia Parcial ya que esta concedía un *injunction* provisional que creó un estado provisional de derechos hasta tanto fuera confirmado o revocado. Esbozó además que la consignación de los fondos ordenados en la Sentencia Parcial no podía ser retirados en virtud de la aludida determinación del Tribunal de Apelaciones.

Sobre esos extremos, el 16 de octubre de 2023, AEELA solicitó la ejecución de la Sentencia con fecha de 9 de junio de 2020, confirmada por este Tribunal de Apelaciones. De otra parte, el 29 de diciembre de 2023, la Peticionaria presentó ante el foro primario *Moción Bajo la Regla 49.2 de las de Procedimiento Civil,* en la que solicitó el relevo de la sentencia emitida 9 de junio de 2020 que dejó sin efecto la Sentencia Parcial.[2] Así las cosas, el 23 de enero de 2024, el foro primario emitió *Resolución y Orden* que autorizó la ejecución de la sentencia solicitada por AEELA y que declaró No Ha Lugar la solicitud de relevo de sentencia presentada por la Peticionaria el 29 de diciembre de 2023.[3]

---

[1] Véase Anejo XI del Recurso de Certiorari, página 290 del Apéndice
[2] Véase Anejo X del Recurso de *Certiorari*, páginas 86- 111 del Apéndice.
[3] *Véase* Anejo IX del Recurso de *Certiorari*, página 83 del Apéndice.

En desacuerdo, el 8 de febrero de 2024, la Peticionaria presentó *Moción de Reconsideración relacionada con Moción de Ejecución presentada por la Demandada y con Moción Bajo la Regla 49.2 de las de Procedimiento Civil Presentada por la Demandante.*[4] Asimismo, el 12 de febrero de 2024, la Peticionaria presentó *Moción en Solicitud de Ejecución conforme a la Regla 51, Moción en Solicitud de Vista y Moción Informativa y en Solicitud de Orden.*[5] Finalmente, el 13 de febrero de 2024, la Peticionaria presentó *Moción en Solicitud de Cumplimiento Específico de la Sentencia Parcial de 27 de marzo de 2014.*

Mediante *Resolución* emitida el 5 de marzo de 2024, notificada el 7 de marzo de 2024, el foro primario denegó a la Peticionaria la *Moción de Reconsideración* presentada el 8 de febrero de 2024 y las demás mociones presentadas el 12 y 13 de febrero de 2024.[6] Concluyó el Tribunal de Primera Instancia que no procede reconsiderar la *Resolución y Orden* de 23 de enero de 2024 que autorizó la ejecución de la sentencia de 9 de junio de 2020 y que la contención de la Peticionaria de que incidió el TPI al dejar sin efecto la Sentencia Parcial sobre el *injunction* preliminar ya fue descartada por el Tribunal de Apelaciones en los casos consolidados KLAN202000937 y KLAN202000938, por lo que procedió igualmente a denegar las restantes mociones presentadas por la Peticionaria el 12 y 13 de febrero de 2024. De igual forma, mediante *Resolución* de 7 de marzo de 2024, notificada el 12 de marzo del corriente año, el foro primario proveyó No Ha Lugar en cuanto a los remedios adicionales solicitados por ambas partes y al atender la Oposición a moción en solicitud de ejecución presentada por AEELA el 1 de marzo de 2024 y la Réplica a dicha oposición presentada por

---

[4] *Véase* Anejo II del Recurso de *Certiorari*, páginas 9-27 del Apéndice.
[5] *Véase* Anejo V del Recurso de *Certiorari*, páginas 36-53 del Apéndice y Anejo IV, página 34 del Apéndice
[6] *Véase* Anejo I del Recurso de *Certiorari*, páginas 2-6 del Apéndice.

la señora López Gómez el 6 de marzo de 2024, remitió a las partes a examinar la *Resolución* de 5 de marzo de 2024, notificada el 7 de marzo sobre esos extremos.[7]

De dicha denegatoria a su solicitud de reconsideración y demás mociones, la señora López Gómez recurre ante nos mediante el recurso de epígrafe. La Peticionaria hace un extenso señalamiento de alegados errores que surgen de su contención principal de que el foro primario, al emitir la Sentencia Final de 9 de junio de 2020, incidió al dejar sin efecto la Sentencia Parcial previa, sobre la concesión del *injunction* preliminar y la orden de consignación emitida a AEELA. En síntesis, argumenta la Peticionaria que procede dejar sin efecto la Sentencia de 9 de junio de 2020 y declarar Ha Lugar su solicitud de relevo.

Posteriormente, el 6 de mayo de 2024, AEELA compareció ante nos mediante *Oposición a Recurso de Certiorari* y en *Cumplimiento de Orden para Mostrar Causa al Amparo de la Regla Núm. 38 del Reglamento del Tribunal de Apelaciones.* En esencia la Recurrida sostiene que la Sentencia emitida el 9 de junio de 2020 por el foro primario que dejó sin efecto la Sentencia Parcial que impuso el *injunction* preliminar es válida, por lo que no incidió dicho foro al declarar No Ha Lugar la *Moción de Reconsideración relacionada con Moción de Ejecución presentada por la Demandada y con Moción Bajo la Regla 49.2 de las de Procedimiento Civil Presentada por la Demandante* y las demás mociones presentadas por la Peticionaria el 12 y 13 de febrero de 2024. Sobre esos extremos, razona AEELA que la Sentencia Parcial de 27 de marzo de 2014 a la que alude la Peticionaria reiteradamente en todos sus señalamientos de error, no fue una determinación final en los méritos sino una determinación referente a la concesión de un

---

[7] Véase página 7 del Apéndice del Recurso *de Certiorari*.

injunction preliminar para preservar el *status quo* en lo que se ventilaban los méritos del caso en una vista evidencaria.

## II.
### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. Et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. De Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. De Caguas v. JRO Construction, supra*, págs. 712-713.

### B. Relevo de Sentencia

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R.49.2, dispone que una parte puede solicitar que el tribunal la releve de los efectos de una sentencia. Lo anterior, procederá cuando ocurra alguna de las siguientes circunstancias excepcionales:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Este mecanismo post sentencia, tiene el propósito de proveer un justo balance entre dos intereses conflictivos de nuestro ordenamiento jurídico. "Por un lado, se encuentra el principio de que todo caso se resuelva justamente, mientras que por otro lado se

encuentra el interés de que los litigios concluyan." *HRS Erase v. CMT*, 205 DPR 689 (2020), citando a *García Colón et al. V. Sucn. González*, 178 DPR 527, 540 (2010). Por ello, el Tribunal Supremo ha reiterado que la Regla 49.2 de Procedimiento Civil*, supra,* debe "interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia". *HRS Erase v. CMT*, *supra*, citando *Díaz v. Tribunal Superior*, 93 DPR 79, 87 (1966).

Ahora bien, es menester señalar que los tribunales tienen la discreción de sopesar estos factores y determinar si procede relevar a una parte de los efectos de una sentencia. *Íd*, citando a *Náter v. Ramos,* 162 DPR 616, 624 (2004). Además, el promovente de la solicitud de relevo de sentencia deberá presentarla "dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia". Regla 49.2 de Procedimiento Civil, *supra.* No obstante, tales normas ceden cuando se trata de una sentencia que adolece de nulidad o cuando la sentencia ha sido satisfecha. *HRS Erase v. CMT, supra,* citando *Rivera v. Algarín*, 159 DPR 482, 490 (2003). Sin embargo, la consabida regla no constituye una llave maestra para reabrir controversias, ni sustituye los recursos de apelación o reconsideración. Es decir, el precepto no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación. *García Colón et al. V. Sucn. González*, supra, pág. 541.

De otro lado, si una parte solicita el relevo de sentencia al amparado en el inciso (4) de la Regla 49.2 de Procedimiento Civil, *supra,* y demuestra que la sentencia es nula, el foro primario no tendrá discreción para denegar la misma. "[S]i una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado". *HRS*

*Erase v. CMT, supra,* citando a *García Colón et al. V. Sucn. González, supra,* págs. 543-544. "[C]uando una sentencia es nula, se tiene por inexistente, por lo que no surte efecto alguno". *López García v. López García,* 200 DPR 50, 62 (2018). "[A]nte la certeza de nulidad de una sentencia, resulta mandatorio declarar su inexistencia jurídica; ello independientemente del hecho de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses". *HRS Erase v. CMT, supra,* citando a *Montañez v. Policía de P.R.,* 150 DPR 917 (2000). Así, que la parte promovente no está limitada por el término de seis (6) meses dispuestos en la Regla 49.2 de Procedimiento Civil.

De igual modo, se considera que una sentencia es nula cuando el tribunal actuó sin jurisdicción o cuando se quebrantó el debido proceso de ley de alguna de las partes. *HRS Erase v. CMT, supra,* citando a *García Colón et al. V. Sucn. González, supra,* pág. 543. Cuando se alega que la nulidad de la sentencia por alguna violación al debido proceso de ley, el profesor Rafael Hernández Colón señaló que el "[q]uebrantamiento del debido proceso de ley es un concepto mucho más amplio y pueden haber tantas manifestaciones del mismo como principios del debido proceso existen y que se hayan quebrantado en un caso en especial". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 5ta ed., San Juan, Ed. Lexis Nexis, 2010, sec. 4807, pág. 408. Así que, se ha resuelto que la ausencia de una parte indispensable es una violación al debido proceso de ley que conlleva obligatoriamente el relevo de la sentencia. *HRS Erase v. CMT, supra,* citando a *García Colón et al. V. Sucn. González, supra,* pág. 551.

III

La contención medular de la Peticionaria en este caso está concentrada en que conforme a su criterio incidió el foro primario al dejar sin efecto la Sentencia Parcial de 27 de marzo de 2014

mediante la Sentencia Final emitida el 9 de junio de 2020. Es sobre esta Sentencia Final que la Peticionaria solicitó la moción de relevo de sentencia denegada por el TPI y objeto de su solicitud de reconsideración igualmente denegada por el foro primario y objeto de revisión en la presente solicitud de *certiorari.*

En el caso de epígrafe, un Panel hermano de este Tribunal de Apelaciones concluyó en los casos consolidados KLAN202000937 Y KLAN202000938 que el foro primario estaba facultado para dejar sin efecto la Sentencia Parcial de 27 de marzo de 2014, ya que esta concedía un *injunction* provisional que creó un estado provisional de derechos hasta que fuera confirmado o revocado. Concluyó, además, este Tribunal de Apelaciones que no podían retirarse los fondos ordenados a consignarse conforme a lo dispuesto en la Sentencia Parcial en virtud de la determinación de un tribunal de mayor jerarquía, en referencia al Tribunal Supremo de Puerto Rico.

Conforme a lo antes esbozado, expuesto el marco jurídico y ponderados los argumentos presentados por la parte Peticionaria, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción establecidos en el Regla 40 de nuestro Reglamento, *supra,* no intervendremos en la determinación recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones